**FILED**
APR 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Thomas Pressley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0684** |
| ) | |
| Leroy M. Fykes, ) | |
| ) | |
| Defendant. ) | |
|  ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues a Conservator appointed by a judge of the Superior Court of the District of Columbia, who also resides in the District. Plaintiff seeks an accounting of money that was disbursed to defendant apparently on plaintiff's behalf. The instant complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship. Plaintiff's recourse lies, if at all, in the



3

Superior Court of the District of Columbia, presumably in the Probate Division. A separate Order of dismissal accompanies this Memorandum Opinion.

                                                      /s/ Colleen Kollar-Kotelly
                                                      United States District Judge

Date: April 25th, 2012